IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RICHARD NAVARRO | § | |
| VS. | § | CIVIL ACTION NO. 9:26cv634 |
| SGT. OCHALA | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Richard Navarro, an inmate at the Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Plaintiff claims the defendant, a sergeant at the Connally Unit, broke his left leg during a use of force during 2025.

Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

Plaintiff does not assert jurisdiction is based on diversity of citizenship. When jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only

in the judicial district where the defendants reside or in which the claim arose. Plaintiff complains of an incident which occurred at the Connally Unit located in Karnes County, Texas. Further, the defendant is located in Karnes County, Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Karnes County. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Karnes County is located within the jurisdictional boundaries of the United States District Court for the Western District of Texas, San Antonio Division. Accordingly, plaintiff has failed to establish a jurisdictional basis for his claims to proceed in the Eastern District of Texas.

As Karnes County, Texas is located within the jurisdictional boundaries of the United States District Court for the Western District of Texas, venue in the Eastern District of Texas is not proper. When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case should be transferred to the United States District Court for the Western District of Texas, San Antonio Division. An appropriate order so providing will be entered by the undersigned.

SIGNED this 24th day of August, 2026.

Zack Hawthorn
United States Magistrate Judge